IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3096-FL

| | |
|---|---|
| ANTHONY WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA GENERAL ) | |
| ASSEMBLY and THE GOVERNOR OF ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. The issues raised are ripe for adjudication.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks

an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this § 1983 action against defendants the North Carolina General Assembly and the Governor. Plaintiff asserts that North Carolina Prisoner Legal Services ("NCPLS") is a "smoke screen to limit access effectively to the courts which is totally the motive of [the] N.C. General Assembly and the top cop (Governor) of the State of [North Carolina]." (Compl. ¶ V). Plaintiff contends that "inmates should have an adequate law library to defend [themselves]." (Id.) Plaintiff further contends that "the N.C. General Assembly violated the rights of prisoner[s] when it voted to pass a bill that would limit prisoner effective access to the most current updated law books to defend the[m]selves effectively." (Id.) Upon further investigation, NCPLS informed plaintiff that the General Assembly made "a significant cut in the amount of funding [Indigent Defense Services ("IDS")] has available to contract with NCPLS. [NCPLS's] new contract with IDS limits the services that [NCPLS] provide[s] to inmates." (Id.) Plaintiff "has access to the courts without NCPLS what the plaintiff don[']t have is access to equal justice of law." (Id.) As relief, plaintiff requests the following: "access to law library with relevant state and federal statutes;" "state an federal law reporters from the past few decades;" "Shepard citations;" "basic treatises on habeas corpus, prisoner civil rights, and criminal law;" and "computer Lexus Nexus." (Id. ¶ VI).

The court construes plaintiff's claim as one for access to courts pursuant to the First Amendment to the Untied States Constitution. The State is required to provide its inmates meaningful access to the courts. Smith v. Bounds, 430 U.S. 817, 823 (1977), overruled on other

2

grounds by <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996).  The plan whereby NCPLS provides legal assistance to inmates in the custody of the North Carolina Department of Public Safety adequately protects the inmates' constitutional right of access to the courts as required by <u>Bounds</u>.  <u>See</u> <u>Bounds</u>, 430 U.S. at 830-31, <u>Cardenas Zavala v. Slagle</u>, 5:15cv126-FDW, 2015 WL 7871056, at *3 (W.D.N.C. Dec. 3, 2015); <u>Lee v. N.C. Dep't of Pub. Safety</u>, No. 5:13-CT-3228-D, 2014 WL 2873325, at *2 (E.D.N.C. June 24, 2014); <u>Wrenn v. Freeman</u>, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995).

In any event, in order to state a claim for denial of access to the courts, an inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim.  <u>See, e.g.</u>, <u>Lewis</u>, 518 U.S. at 351–52; <u>Michau v. Charleston County</u>, 434 F.3d 725, 728 (4th Cir. 2006).  The United States Supreme Court held in <u>Lewis</u> that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." <u>Lewis</u>, 518 U.S. at 351 (quotation omitted).  The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. <u>Id.</u> at 354-55.  The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." <u>Id.</u> at 353.  The Court did not extend the holding to include the right to "<u>litigate</u> <u>effectively</u> once in court." <u>Id.</u> at 354 (disclaiming language in <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977), suggesting otherwise).

Here, plaintiff has not alleged any actual injury.  Rather, plaintiff admits in his complaint that he does in fact have access to courts and does not point to any legal action which has been frustrated or impeded.  (Compl. ¶ 5).  Based upon the foregoing, this claim is DISMISSED without prejudice

3

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  See, e.g., Hunt v. McCrory, No. 15-CT-3326-BO (E.D.N.C. May 20, 2016).  The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 2nd day of November, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge