IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3096-FL

| | | |
|---|---|---|
| ANTHONY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA GENERAL ASSEMBLY and THE GOVERNOR OF NORTH CAROLINA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendants the North Carolina General Assembly and the Governor of North Carolina. The court construed plaintiff's complaint as alleging a denial of access to courts in violation of the First Amendment to the United States Constitution. On November 2, 2016, the court dismissed plaintiff's complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff appealed the court's dismissal of his complaint. On January 20, 2017, the Fourth Circuit Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction and remanded the action to this court with instructions to allow plaintiff to file an amended complaint. Plaintiff filed his amended complaint on March 13, 2017. The matter now is before the court for a frivolity review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual

deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff alleges that he is being denied access to courts because he does not have access to a law library or legal materials. The State is required to provide its inmates meaningful access to the courts. Smith v. Bounds, 430 U.S. 817, 823 (1977). In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The United States Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the right

2

to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

Here, plaintiff asserts that he was injured by the alleged denial of access to the courts in connection with a civil action which is pending in this court–Wright v. Lassiter, No. 5:13-CT-3245-D (E.D.N.C. filed Oct. 7, 2013). In that action, Judge James C. Dever III directed North Carolina Prisoner Legal Services ("NCPLS") to review plaintiff's claims to determine whether it would represent plaintiff for any possible settlement conference or trial. Id. (Feb. 28, 2017). NCPLS then entered a notice of appearance on plaintiff's behalf on March 31, 2017. Id. (Mar. 31, 2017). To the extent plaintiff expresses a preference of having a law library as opposed to representation by NCPLS, this court has held that the plan whereby NCPLS provides legal assistance to inmates in the custody of the North Carolina Department of Public Safety adequately protects the inmates' constitutional right of access to the courts as required by Bounds. See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995). Thus, plaintiff failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also asserts that he has suffered injury as a result of being denied access to courts because he has had "four lawsuits in N.C. State Federal Court [which] w[]ere all non-frivolous but didn't have the necessary tools to fight the case . . . " and because he lost his petition for a writ of habeas corpus in Wright v. Monette, No. 5:13-HC-2064-BO (E.D.N.C. Feb. 24, 2014). To present a claim involving denial of access to the courts, an inmate cannot rely on conclusory allegations, but must identify with specificity an actual injury resulting from official conduct. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the

3

capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" O'Dell v. Netherland, 112 F.3d 773, 776 (4th Cir. 1997) (quoting Lewis, 518 U.S. at 355). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416 (2002) (footnote omitted).

In this case, plaintiff provides no factual support for his conclusory assertions that his lack of access to the court impeded his litigation in the alleged four civil actions or his habeas proceedings. Simply put, plaintiff's conclusory allegations are insufficient to state a constitutional access to courts claim. See Christopher, 536 U.S. at 416; Cochran, 73 F.3d at 1317 (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury). Thus, plaintiff failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In summary, the court DISMISSES this action without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of April, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge